UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NANCY L. BEACH, *et al.*,

    Plaintiffs,

                                      Civil Action 2:15-cv-1123
                                      Magistrate Judge Elizabeth P. Deavers

WAL-MART STORES EAST, INC.,

    Defendant.

**OPINION AND ORDER**

This is a negligence action in which Plaintiffs, Nancy L. Beach ("Mrs. Beach") and Richard A. Beach ("Richard Beach") (collectively, "Plaintiffs"), allege that Defendant, Wal-Mart Stores East, Inc. ("Defendant"), negligently cared for the safety of its customers by failing to remove the hidden leg of a clothing rack from a retail store floor.  During a shopping trip, Nancy Beach tripped over the clothing rack and fell, sustaining injuries.  This matter is before the Court for consideration of Defendant's Motion for Summary Judgment (ECF No. 16), Plaintiffs' Memorandum in Opposition (ECF No. 26), and Defendant's Reply (ECF No. 28).  For the reasons that follow, Defendant's Motion for Summary Judgment is **GRANTED**.

**I. BACKGROUND**

On May 10, 2013, Mrs. Beach went shopping at Defendant Wal-Mart Stores East, Inc., Store #5355 (the "Store") located in Kenton, Ohio.  (Deposition of Nancy Beach, dated November 10, 2015 (ECF No. 13-1; "N. Beach Dep." 13:4-14.)  She entered the Store to purchase a gas card, but noticed a sale.  (*Id*. 13:18-20.)  Upon seeing the sale signage, Mrs. Beach went to the Ladies' Apparel Department.  (*Id*. 16:23-17:1.)  While in the Ladies' Apparel

Department, however, she turned and tripped over a clothing rack, falling backwards. (*Id*. 23:18-24.)¹ The back of her head hit the floor and began bleeding. (*Id*. 41:9-21.) Richard Beach then drove Mrs. Beach to the emergency room at Hardin Memorial Hospital in Kenton, Ohio where she received eight stitches to the back of her head. (*Id*. 45:23-46:7.) She was then transferred to St. Rita's Medical Center in Lima, Ohio, where she was admitted through May 16, 2013. (*Id*. 49:20-24; 50:17-20.)

The clothing rack on which Mrs. Beach tripped is a focal, otherwise known as an H-rack, and has an open, H-shaped bottom. (ECF No. 16; Def. Mot. Sum. J., Ex. 1.) The H-rack is 54 inches tall with a base that is 31 inches wide and 46 inches deep. *Id.* The bottom part, or "feet" of the H-rack, is off-white in color. (*Id.*, Ex. 2.)

On March 4, 2015, Plaintiffs initiated an action through the filing of a Complaint in the Franklin County Court of Common Pleas. Mrs. Beach asserts a claim for negligence. Richard Beach asserts a claim for loss of consortium. On March 30, 2015, Defendant removed the action to this Court on the basis of diversity jurisdiction. (ECF No. 1.)

Defendant now moves for summary judgment on three grounds: (1) the clothing rack in question is not a hazard, since it was a normal, large merchandise display in a clothing section of a retail establishment; (2) even if the clothing rack was a hazard, it constitutes an "open and obvious" condition for which the Store owed no duty to Mrs. Beach; and (3) Defendant did not breach its duty since there is no evidence that the Store created, knew of, or should have known of any problems with the clothing rack.

## II. STANDARD

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if

---

¹ Defendant assumes that Nancy Beach tripped over the clothing rack, solely for the purposes of this summary judgment motion.

the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion").

"Once the moving party meets its initial burden, the nonmovant must 'designate specific facts showing that there is a genuine issue for trial.'" *Kimble v. Wasylyshyn*, No. 10–3110, 2011 WL 4469612, at *3 (6th Cir. Sept. 28, 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stanberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

### III. ANALYSIS

In order to prove a claim of negligence, Plaintiff must demonstrate each of the following: (1) the existence of a legal duty, (2) the defendant's breach of that duty, and (3) injury that is the

proximate cause of the defendant's breach. *Wallace v. Ohio Dep't. of Commerce*, 773 N.E.2d 1018, 1026 (Ohio 2002) (citing *Mussivand v. David*, 544 N.E.2d 265 (Ohio 1989)).

### 1. Duty of Care

Under Ohio law, "[b]usiness invitees are persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." *Light v. Ohio Univ.,* 502 N.E.2d 611, 612 (Ohio 1986). Defendant, a proprietor of retail stores, owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition, such that its customers are not unreasonably exposed to danger. *Paschal v. Rite Aid Pharmacy, Inc.*, 480 N.E.2d 474, 475 (Ohio 1985). The parties do not dispute that Mrs. Beach was a business invitee of Wal-Mart. Defendant, however, contends that it did not owe a duty of care because the clothing rack was not an unreasonably dangerous condition. (ECF No. 16; Def. Mot. Sum. J., at 8.) They maintain that a clothing rack is not a hazard because it is regularly encountered in retail settings. As such, Defendant asserts that is did not ow a duty of care to Mrs. Beach. The Court need not determine whether the rack was unreasonably dangerous because it concludes that the rack was an open and obvious hazard.

### 2. "Open and Obvious" Hazards

A business owner is not an insurer of a customer's safety, and owes no duty to persons entering those premises regarding dangers that are "open and obvious." *Sidle v. Humphrey*, 233 N.E.2d 589, 590 (Ohio 1968). "Open and obvious" hazards are those that are so objectively apparent that they serve as their own warning, and business invitees are expected to "discover them and protect [themselves] against them." *Id.* at 590.

Where a danger is "open and obvious," a landowner owes no duty of care to individuals on the premises. *Armstrong v. Best Buy Co*., 788 N.E.2d 1088 (Ohio 2003) (citing *Sidle,* 233

4

N.E.2d at 590).  In this context, "open and obvious" means "observable."  *Lydic v. Lowe's Cos., Inc.*, No. 01AP-1432, 2002 WL 31111820, at *2 (Ohio Ct. App. Sept. 24 2002).  Moreover, the hazard does not actually have to be observed by the business invitee to be "open and obvious."  *Kintner v. Aldi, Inc.*, 494 F. Supp. 2d 811, 815 (S.D. Ohio. 2007).  Rather, the test is an objective one that questions whether the alleged hazard is observable by a reasonable person.  *Id.*  As such, even in cases where a plaintiff did not actually see the hazard until after he or she fell, no duty exists where the plaintiff "could have seen the condition if he or she had looked."  *Lydic*, 2002 WL 31111820, at *2.  Additionally, the "open and obvious" doctrine is not concerned with causation.  *Armstrong*, 788 N.E.2d 1088 at 1090.  That is, there is no balancing of fault in determining causation.  *Kintner,* 494 F. Supp. 2d at 815.

  The parties dispute whether the alleged tripping hazard was "open and obvious."  Defendant argues that the clothing rack Mrs. Beach tripped on was a "normal" clothing rack that shoppers  in apparel retail establishments regularly encounter and that the "large clothing rack…was not hidden, concealed, or undiscoverable upon ordinary inspection."  (Def. Mot. Sum. J., at 8-10.)  Defendant further asserts that the clothing rack was admittedly "visible" to Mrs. Beach, as she saw the top of the clothing rack, with clothing hanging from it, before she tripped and fell.  (*Id.* at 10.)  Moreover, because Mrs. Beach saw the clothing rack leg *after* she fell, Defendant maintains that the bottom part of the clothing rack leg was "visible" and thus "open and obvious."  (ECF No. 28; Def. Reply Mot. Sum. J., at 8.)  Defendant further asserts since the clothing rack was "visible" and therefore, "open and obvious," they had no duty to warn customers of such hazard.  (Def. Mot. Sum. J., at 9.)

  In *Cudney v. Sears, Roebuck and Co.*, the Sixth Circuit considered a factually analogous case, in which the plaintiff asserted that allowing the leg of a retail display rack to protrude into

5

the aisle created a tripping hazard.  21 F. App'x 424, 429-430 (6th Cir. 2001).  The court disagreed, reiterating the district court's holding that "no unreasonable risk of harm [is] posed by the existence of racks such as the ones involved here, no matter where they are placed or in what configuration, because a shopper can see exactly where the racks are, and adapt her maneuvering accordingly as she browses amongst them."  *Id*.  *Cudney* applied Michigan state law, which contains a parallel open and obvious doctrine to that under Ohio law.  *Id*. at 428 (citing *Riddle v. McLouth Steel Prods. Corp.*, 485 N.W.2d 676, 679 (Mich. 1992)) ("a premises owner has no duty to protect invitees from open and obvious dangers").  In *Wilson v. Stein Mart, Inc.*, a district court applied *Cudney* in holding that Tennessee's open and obvious doctrine precluded a negligence claim where the plaintiff alleged that she could not see the base of a retail clothing rack because it was obscured from view by garments.  No. 3:15-cv-01271, 2016 WL 4680008, at *4 (W.D. Tenn. Sept. 7, 2016).

While both Tennessee and Michigan have adopted the Second Restatement of Torts' definition of the open and obvious doctrine and Ohio has not, the latter's open and obvious doctrine is even more leniently in favor of landowners.  The Restatement's approach carves out an exception where the landowner "should anticipate the harm despite" the obviousness of the condition.  *Id*. at *4. (citing Restatement (Second) of Torts, § 343A).  Ohio's open and obvious doctrine carves out no such exception.  *Armstrong*, 788 N.E.2d at 1091.  As such, the Court finds persuasive *Cudney*'s analysis and application of the open and obvious doctrine pertaining to negligence claims based on claims of tripping injuries over clothing racks.  The *Cudney* court's approach also comports with Ohio case law, which has held that a shopping-cart guardrail is an "open and obvious danger," and therefore, the premises owner owed no duty of care to a business invitee to warn of such danger.  *Armstrong*, 788 N.E.2d at 1092.

6

In this case, as in *Cudney* and *Armstrong*, "nothing was obstructing [plaintiff's] view prior to [the] fall" and, had Mrs. Beach been looking down, she would have seen the feet of the clothing rack. *Id*. Mrs. Beach testified that the clothing rack was not hidden, concealed, or undiscoverable upon reasonable inspection. (N. Beach Dep. 19:3-20, 32:17-33:10.) Nothing was blocking Mrs. Beach's view of the clothing rack, the store was well-lit and she was not distracted by anything as she was walking, for example, simultaneously pushing a shopping cart. (*Id*.) She even noticed that clothes were hanging from the clothing rack, because she spotted the top of the rack before she fell. (*Id*. 21:19-23, 33:16-34:6.) The Court has also examined pictures of the rack, and observed that it does not have an unusual design or appearance and the white color of the rack is clearly visible against the wooden store floor. (N. Beach Dep., Exs. A-D.)

Plaintiff contends that a genuine issue of material fact exists as to whether the rack posed an open and obvious hazard. The cases upon she relies, however, are not factually analogous. *See Kintner v. Aldi, Inc.*, 494 F. Supp. 2d at 813 (plaintiff tripped over ankle high pallet which extended out into the aisle from corner shelving); *Haynes v. Cincinnati Wal-Mart Supercenter Store #3656,* No. 1:12-cv-722-HJW, 2014 WL 1909483, *1 (S.D. Ohio May 13, 2014) (plaintiff tripped and fell over a thin metal bar, extending across aisle as part of a partially-constructed shelving unit). In the case at hand, there were no pallets, no stock bases, no thin metal bars protruding into the aisle ways, etc. No clothes or other objects covered the clothing rack leg. The clothing rack leg was visible in plain sight and not protruding into the aisle. A reasonable person, therefore, would have discovered the clothing rack and its metal leg. As a result, the clothing rack constituted an open and obvious hazard for which Defendant did not owe Mrs. Beach a duty of care. Defendant's Motion for Summary judgment is, therefore, **GRANTED** on Mrs. Beach's negligence claim.

**B. Loss of Consortium**

Mr. Beach's loss of consortium claim is a derivative claim that is predicated upon Mrs. Beach's negligence claim. Since Mrs. Beach cannot establish her negligence claim, Mr. Beach's loss of consortium claim fails as well, and summary judgment is appropriate. *Bowen v. Kil-Kare, Inc.*, 585 N.E.2d 384 (1992) (holding that where a spouse cannot maintain legally cognizable cause of action, derivative claim is likewise barred). Defendant's Motion for Summary Judgment is also **GRANTED** at to Mr. Beach's loss of consortium claim.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**. (ECF No. 16.) The Clerk is **DIRECTED** to enter judgment in favor of Defendant and to terminate this case from the Court's pending cases and motions list.

**IT IS SO ORDERED**.

                                      /s/ *Elizabeth A. Preston Deavers*
                                      ELIZABETH A. PRESTON DEAVERS
                                      UNITED STATES MAGISTRATE JUDGE